DANE (GINDRAT v.).  See Case No. 5,455.

## Case No. 3,558.

**DANE et al. v. ILLINOIS MANUF'G CO.**

[3 Biss. 374; 2 O. G. 680; 6 Fish. Pat. Cas. 124; Merw. Pat. Inv. 212; 2 Bench & Bar, 325.] [1]

Circuit Court, N. D. Illinois.  Nov. Term, 1872.

PATENTABLE INVENTION — IMMATERIAL CHANGES— LANTERNS.

1. The mere change of the location of the parts of a mechanism, so long as no different or additional function is performed, does not make the mechanism patentable.

2. Such change is not aided by the fact that one of the parts thus transposed performs a double function, if the same device has before been used to perform the same functions separately.

3. A patent for removing from the bottom of a lantern certain devices, by means of which it could be separated and the globe taken out below, and placing them at the top so that the globe could be taken out above, can not be sustained, although a disc-ring, which closes the opening between the parts, is thereby made to reflect the light downward, such downward reflection, by a disc, being well known.

Final hearing on pleadings and proofs.

Suit brought upon letters patent [No. 42,520] for improvement in lanterns, granted to William Westlake, April 26, 1864, assigned to complainants, and reissued to them November 23, 1869 [No. 3,747]. The claims of the patent, which were involved in the suit, will be found in the opinion.

No. 2.

No. 1.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. Merw. Pat. Inv. 212, contains only a partial report.]

The engravings Nos. 1 and 2 represent the Westlake lantern. The guard-rods a are attached at the upper end to a ring b, which, in turn, is connected by two spring-catches, which are shown in drawing No. 2, to a disc g, extending from the dome to the ring b.

No. 3.

No. 3 is an engraving of the Waters lantern, in which the guard-rods are attached at their lower ends to a ring connected with the band which sustains the globe, by lips extending over the ring on one side and a spring-catch on the opposite side of the globe.

West & Bond, for complainants.
L. L. Coburn, for defendant.

BLODGETT, District Judge. The nature and object of the invention as set forth by the patentee in his specifications. "consists in the construction of a lantern guard, without hooks, projections or catches sticking out or interfering with the safe and convenient use of the lantern, so that the same can be readily attached or detached in the employment of a band or disc to fill or cover the space between the enlarged band or ring at the upper end of the guard and the top of the globe, and in the application of suitable fastenings to secure the dome to the guard."

The upper ring of the guard is designated in the drawings and specifications by the letter b.

This upper ring of the guard is provided with a flange or ring on the inside, to receive the catches which fasten the ring to the upper part or dome of the lantern.

Extending outwardly from the lower edge of the band forming the dome, is a flange or disc g, which must be wide enough to fill the space between the dome and the top ring of the guard. Upon the under side of this disc g are fixed spring catches by which the guard ring is attached to the disc. The ring b must be large enough to allow the globe to pass through it in the act of removing the globe from the lantern, and the top of the globe must be held within the inner ring of the disc g, that is to say, it must enter far enough into the dome to be held securely in its place.

I have not followed literally the language of the specifications, but stated their substance, as I understand them.

The claims covered by the re-issued patent are—first, the removable guard made as described—but as this has been abandoned since the re-issue, and since this suit was commenced, no comment is necessary upon this part of the claim.

Second—The disc g in combination with the ring or band, b of the guard, and the fastening e, substantially as and for the purposes described; and,

Third—The guard a, in combination with the disc g, the fastening e and the removable globe d, substantially as specified.

The defendant by its answer denies the validity of the letters patent, for want of novelty, and also denies that the lanterns manufactured by it, infringe the complainants' patent.

Upon these issues several witnesses have been examined as experts by both parties, and a large number of exhibits and models, describing and illustrating prior inventions in the same line, have been put into the case.

I shall not take up time to analyze or pass on all the devices claimed by the defendant to have anticipated Westlake's invention, as many of them, at the most, contain only portions and suggestions of the now perfected mechanism. The leading object of Westlake and his associates, especially in their re-issued patent, was to secure to themselves the exclusive right to make and vend a lantern with a loose globe, removable through the top of the guard by means of the band or ring b, and the disc g, with the fastenings e.

Does the evidence in the case entitle them to the claims on which they still insist, that is the second and third claims?

On the 17th of July, 1855, one Charles Waters, as the evidence shows, received from the United States patent office a patent for an improvement in lanterns, the main feature of which was, as shown in his specifications and drawings, a loose, removable globe; but he removed his globe through the bottom instead of the top of the guard. The mechanism by which he accomplished this result was a flange, or ring, extending outwardly from the lower edge of the top, or dome, of the lantern, into which the top of the guard rods was securely fastened, the lower ends of the guard rods were fastened into an annular ring or plate, large enough to allow the globe to pass freely through it. This lower guard ring was fastened by spring catches and lips to a flange projecting outwardly from the top of the base of the lantern, as is shown in the model.

It seems to me that we have in this device the idea of a removable globe fully worked out and applied, and it does not appear that any advantage is gained by taking the globe out through the top, instead of the bottom, of the guard, and the elements of the combination by which the same result is obtained, are the same in both lanterns. The parts

of the Waters lantern are transposed or changed by Westlake from the bottom to the top of the guard, and there perform the same, and no additional functions.

The band D, with its flange C, in Waters' combination is inverted by Westlake, and becomes the disc g in his combination, while the annular plate c of Waters' lantern is carried from the bottom to the top of the guard by Westlake, and there becomes Westlake's ring b. The spring catches are the same in both lanterns and fill the same office.

So, by simply inverting Waters' guard, you have exactly Westlake's combination, and you have only to fasten the springs in the bottom of the lantern to the inverted Waters' band D, and you have precisely Westlake's combination. They are built right up of the same parts—the Waters lantern complete—without changing the functions of a single part, or doing anything except to take the globe from the top instead of the bottom of the guard.

It is needless to cite authorities to show that the mere change of the location of the parts of a mechanism, so long as no different or additional function is performed, does not make the mechanism patentable. Westlake cannot take Waters' mechanism, forming a loose globe lantern, and make it his own by simply re-locating the effective parts, so long as no different result is gained, and certainly there seems to me no substantial change in the results to take the globe out of the top instead of the bottom of a lantern guard.

The idea was to take the globe readily from the guard and lantern for the purpose of cleaning it, or replacing it if broken.

If Waters, by the specifications of his patent of July 17, 1855, had taught the whole world how to make a lantern from which the globe could be readily removed through the lower ring of the guard, with the whole mechanism made to operate together as appears to that end, he, in effect, had taught Westlake how to remove the globe from the top of the guard, because it required no invention to make the change. Waters taught everybody how the space between the enlarged ring b, as Westlake calls it, and the body of the lantern should be filled up by the disc g, and how the lantern should be put together in sections, as it were, and the place where the attachment should be accomplished, whether at the top or the bottom of the guard, was, after that, a mere matter of mechanical convenience, or artistic taste, in the construction of the lantern.

It appears to me there can be no doubt that Waters, in his lantern, has anticipated all that Westlake now claims in his patent—his re-issued patent.

It is true, as was suggested in the argument, that the disc g in Westlake's patent performs the double function of a reflector, as well as a means of attaching the guard to

the dome; but a disc for a reflector in that place, as the proof shows, was old, and so I do not think the suggestion aids the complainants, as if it proves anything, it is that Westlake did not invent the disc, but only put the spring catches upon it wherewith to fasten the guard to the dome or disc.

I will only take time to allude to one other device, shown in the evidence as prior in point of time and foreshadowing, if it did not accomplish, the same result as Westlake's, and that is Max Miller's patent, obtained August 17th, 1858.

This lantern has a loose globe, removable through the top guard ring, but the disc g or c does not appear in the combination; the same result is accomplished without the disc.

It is true it was urged that Miller's globe is a plain cylinder, and that his device would not allow the use of a globe shaped as Westlake's was; that is, bulging in the middle and contracted at the top. But he made his contraction by a cone above the globe, so as to accomplish the same result.

Finding, then, from the testimony, that Westlake's alleged invention had been successfully accomplished by the prior invention of Waters, it is hardly necessary to discuss the question of infringement.

I will, however, say that his disc, at the top of the globe, was old for the purpose of a reflector, and Waters having used a flange turned outwardly from the bottom of his dome band for the purpose of fastening his guard rods into it, it seems to me Irwin had a right to use it for the purpose of hinging the top ring of the guard of his lantern thereto, thereby making a basket, in which the globe was securely held, and obtaining a result different from that accomplished by Westlake and without the use of any part of the combination to which Westlake had an exclusive right. Irwin's fastenings are not the same as Westlake's—one uses two spring catches, and the other a hinge and spring catch, whereby Irwin makes a basket of his guard in which the globe is safely held. This bill must, therefore, stand dismissed with costs.

The suit of the same complainants against the Chicago Manufacturing Company on the same patent, and involving substantially the same facts, was heard at the same time and same order entered.[2]

DANE (IRWIN v.). See Cases Nos. 7,081 and 7,082.

DANFORD (PARRISH v.). See Case No. 10,-770.

DANFORD (VARNUM v.). See Case No. 16,-888.

[2] [The complainants appealed from this judgment to the supreme court of the United States, which affirmed the same. Dane v. Chicago Manuf'g Co., 131 U. S. cxxvi.]